**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 22-177** |
| | ) | |
| **ERIC SCHOLL** | ) | |

**Memorandum Opinion and Order**

Defendant Eric Scholl has filed a Motion for Early Termination of Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1). ECF No. 80. The government has filed a Response opposing the motion, to which Mr. Scholl has filed a Reply. ECF Nos. 85, 88. On October 25, 2023, Mr. Scholl pleaded guilty to one count of cyberstalking in variolation of 18 U.S.C. §§ 2261A(2)(A) and 2261A(2)(B). On January 31, 2024, he was sentenced to 24 months' imprisonment, to be followed by three years of supervised release. Mr. Scholl began his three-year term of supervised release on February 4, 2024.

## I. Applicable Law

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may "terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release," if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted).

In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

The United States Sentencing Guidelines § 5D1.4(b), in accord with 18 U.S.C. § 3583(e)(1), state that a court may terminate a defendant's remaining term of supervised release "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision." § 5D1.4(b). The Guidelines recommend that the determination should be made, "following consultation with the government and the probation officer." § 5D1.4(b). Amendment 835 to the United States Sentencing Guidelines, effective November 1, 2025, added the following guidance to courts reviewing early termination motions:

> (B) Early Termination. — When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
> > (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
> >
> > (iii) the defendant's substantial compliance with all conditions of supervision;

[1] The select factors under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2)(B) the need to afford adequate deterrence to criminal conduct, (2)(C) to protect the public from further crimes of the defendant, (2)(D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; 4(B) the applicable guidelines or policy statements issued by the Sentencing Commission, (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4, comment. n.1(B).

Finally, although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53. Despite this "general rule," the Court has the discretion to terminate supervision early even in the absence of new circumstances. *Id*.

## II. Discussion

Mr. Scholl argues that early termination of his supervised release is warranted because he has served in excess of two-thirds of his term of supervised release; he has complied with the conditions of his supervised release; he has worked on his recovery by fully participating in treatment, including group therapy, individual therapy, and an online support group; he is a full-time caregiver for his mother; he takes his father to medical appointments; he provides support for his sister and her family; and he performs yard work for a family

friend. He argues that the purposes of supervised release have been attained, he has reintegrated into the community, and he does not pose a risk.

Mr. Scholl also points to the United States Probation Office's "Report of Status of Person Under Supervision with Respect to Early Termination, Pursuant to Guide to Judiciary Policy, Vol. 8E, Ch. 3," that confirms that Mr. Scholl meets the criteria for early termination. ECF No. 83. The Report states that Mr. Scholl "has not presented an identified risk of harm to the public," he has "not had any court reported violations during his term of supervised release," and he has completed his mandated treatment programs. *Id.* at 2-3.

In addition, the Probation Office filed a confidential Recommendation with Respect to Early Termination, recommending that early termination be granted. ECF No. 84 (under seal). The government opposes early termination of supervision, arguing:

- early termination is not warranted due to the serious and dangerous nature of the conduct underlying his offense of conviction,
- the criminal conduct occurred in violation of a state court protection from abuse order,
- deterrence is obtained by Mr. Scholl serving the entire term of supervision,
- Mr. Scholl's reasons to support his request are insufficient to warrant early termination,
- Mr. Scholl's supervised release sentence met the statutory mandatory minimum term for supervision, and
- Mr. Scholl has not demonstrated any new or unforeseen circumstances.

The Court's standard for evaluating whether early termination is warranted is broad: the court is to determine whether it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Mr. Scholl has been compliant with the terms of his supervision; however, the fact of compliance alone is

unlikely to be sufficient to warrant the early termination of supervised release in most cases. In this case, however, Mr. Scholl's performance on supervision has been excellent.

There is no doubt that Mr. Scholl's offense of conviction is extremely serious and involved two identified victims. To commit the offense Mr. Scholl intentionally engaged in a series of actions, ultimately directed towards the victims, occurring from March 2021 through May 2022. The Court requested that the Probation Officer contact the victims as to the present Motion. The Probation Officer reports that neither person wanted to take a position on the Motion, with one person stating that Mr. Scholl has left them alone, and the other person stating that they are neutral with respect to the Motion.

Following review of Mr. Scholl's Motion, Brief and Reply, the government's Response, the Probation Officer's position, all relevant filings from Mr. Scholl's criminal case, and Mr. Scholl's conduct while on supervision, the Court concludes that early termination of Mr. Scholl's supervised release is warranted. Mr. Scholl is retired, but is actively providing support to his family; he has performed well and complied with all conditions of supervision throughout his supervised release to date; and he has completed his required treatment programs. Mr. Scholl has completed approximately 30 months of his 36-month term of supervised release. All evidence tends to show that he has been rehabilitated and continues on a path of rehabilitation. The Court is confident that early termination will not jeopardize the safety of the community.

## IV. Conclusion

After considering an individualized assessment, and after reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), the relevant factors set forth in 18 U.S.C. § 3553(a), and the factors set forth in § 5D1.4, comment. n.1(B), the Court finds that it is in the interest of justice to terminate Mr. Scholl's supervised release at this time.

Accordingly, the following Order is hereby entered.

AND NOW, this 28th day of August 2026, it is hereby ORDERED, that Eric Scholl's Motion for Early Termination of Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1), ECF No. 80, is GRANTED.

IT IS FURTHER ORDERED that Eric Scholl's term of supervised release is terminated.

__s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge